**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| AUDREY COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:12-CV-4874-G-BH |
| ) | |
| ROY WILLIAMS JR., et. al, ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed as frivolous.

**I. BACKGROUND**

Audrey Coleman (Plaintiff) sues Constable Roy Williams, Jr., Sergeant Jason Johnson, and Deputies Carl Smith and Jason Meek based on her eviction on November 12, 2012. (Compl. at 4.) According to the exhibits to her original and amended complaints, a Dallas County court issued a judgment of possession in favor of the Bank of New York Mellon and against plaintiff on February 10, 2012, for the property located at 623 Sotogrande Street, Grand Prairie, Texas, 75051 (the Property). (Compl., Ex. E) Plaintiff had filed a bankruptcy case the previous day, on February 9, 2012. (doc. 7, Ex. M.)[1] Her bankruptcy case was terminated on August 23, 2012, and the state court issued a Writ of Possession on September 27, 2012, authorizing the Sheriff or any constable of Dallas County to take possession of the Property and to evict Plaintiff from the premises after providing her with at least 24 hours notice. (Compl., Ex. J.) A copy of the Writ of Possession was

---

[1] Although titled as an "Amended Complaint", Plaintiff's filing is actually a supplement to her original complaint and additional exhibits.

taped to her front door on October 2, 2012. (Compl. at 18, Ex. J.) Plaintiff filed a notice of removal of the state court foreclosure proceeding to federal court on October 2, 2012, and she sent the officers notice of it. A final notice was taped to Plaintiff's front door again on the afternoon of November 9, 2012. (Compl. at 18, Ex. P.) On November 12, 2012, the officers evicted Plaintiff, claiming they were not bound by the notice of removal because it was not a court order. (Compl. at 5, 12.)[2] Plaintiff claims that the defendants violated her constitutional rights under the Fourth, Fifth, Seventh, and Fourteenth Amendments in violation of 42 U.S.C. § 1983. (Compl. at 39.) She seeks monetary damages. (Compl. at 8). No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts

---

[2] Plaintiff's removed foreclosure proceeding has since been dismissed for lack of federal subject matter jurisdiction. *See Bank of New York Mellon v. Coleman*, No. 3:12-cv-3971-D (N.D. Tex. Nov. 29, 2012).

sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SECTION 1983

Plaintiff sues the defendants under § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A. Fourth Amendment**

Plaintiff first asserts that her eviction constituted an unlawful seizure. (Compl. at 1).

The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV; *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992). A "seizure" of property within the meaning of the Fourth Amendment occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Soldal*, 506 U.S. at 61 (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). The Fourth Amendment only prohibits unreasonable seizures, however. *See Severance v. Patterson*, 566 F.3d 490, 502 (5th Cir. 2009). A determination of whether a seizure is unreasonable, and therefore in violation of the Fourth Amendment, involves a careful balancing of

governmental and private interests. *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985); *see also Freeman v. City of Dallas*, 242 F.3d 642, 649 (5th Cir. 2001). In general, one may not challenge deprivations of property as unreasonable when the deprivation occurs according to a specific regulated process. *Severance*, 566 F.3d at 502. The Supreme Court has recognized that when state officers act pursuant to a court order, it would be a "laborious process" for a plaintiff to show that a seizure is unreasonable. *Soldal*, 506 U.S. at 71.

Here, it is uncontested that Plaintiff was evicted pursuant to a state court order and writ of possession. She claims that the seizure was unconstitutional because she had removed her state court foreclosure proceeding to federal court prior to her eviction, but the officers ignored the notice of removal, claiming that they were not bound by it because it was not a court order. (Compl. at 5, 12). The Supreme Court has stated that the basic purpose of the Fourth Amendment is "to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523 528 (1961). Plaintiff's attempt to remove a state court proceeding in which a default judgment had been entered by the state court eight months earlier, and where a writ of possession to enforce the judgment had been issued several days earlier, does not render the seizure of the house by the constable and his sergeant and deputies an unreasonable seizure. Plaintiff acknowledges that Deputy Meek, when confronted with a copy of the notice of removal to federal court on November 12, 2012, contacted an assistant district attorney before proceeding with the eviction. (Compl. at 12). Despite Plaintiff's attempt to remove the state court proceeding to federal court, she was evicted pursuant to a court order that was confirmed by the defendants before it was enforced. The seizure was therefore not an arbitrary or unreasonable one. *See Freeman*, 242 F.3d at 653-54 (holding that the city's seizure

4

and destruction of buildings as "urban nuisances" without an administrative warrant did not violate the Fourth Amendment because the city acted in a non-arbitrary manner in adhering to its own ordinances and administrative procedures that provided reasonable notice, multiple hearing possibilities, flexible remedies, and judicial review in state court).

Plaintiff has failed to allege a viable claim that her Fourth Amendment right to be secure from an unreasonable seizure was violated. She has therefore failed to state a Fourth Amendment claim upon which relief can be granted, and this claim should therefore be dismissed.

B. **Fourteenth Amendment**

Plaintiff also asserts that she did not receive proper notice of her eviction and that her due process rights were violated. (Compl. at 5; doc. 7 at 1). She claims that the eviction violated her due process rights because of an "automatic stay" after she filed a notice of removal in federal court, and because she was evicted by a verbal order from a state prosecutor on the date of the eviction rather than by court order. (Compl. at 12-13).

The Fourteenth Amendment prohibits the States from depriving any person of property without "due process of law." *Dusenberry v. United States*, 534 U.S. 161, 167 (2002). The Due Process Clause requires, at a minimum, notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 657 (1950). The Supreme Court has recognized that a notice posted on residential property is, in most instances, constitutionally adequate notice to the owner or occupant of pending legal proceedings. *Greene v. Lindsay*, 456 U.S. 444, 452-53 (1982). Plaintiff acknowledges that she received two notices posted on the door of her residence that a writ of possession had been issued

by the state court, and the second notice advised her that she had 24 hours to vacate the premises or be evicted. She was given over 48 hours before she was evicted on November 12, 2012. Therefore, Plaintiff has failed to state a viable claim that the constable, his sergeant, and his deputies violated her right to due process.

Plaintiff's claim is in actuality a challenge to the state court judgment that awarded possession of the property to the bank. Litigants, however, may not obtain the review of state court actions by filing civil complaints about these actions in federal court "cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986); *see also Acevedo v. Schramm*, 104 Fed. Appx. 439, *1 (5th Cir. Aug. 17, 2004) (affirming the dismissal of a § 1983 suit filed against state actors that alleged a due process violation when a writ of possession was entered in a state court proceeding). This claim is frivolous and should be dismissed.

C. **Defamation and Assault Claims**

Plaintiff claims that her constitutional rights were violated when Deputy Smith assaulted her by pushing her hip with the back of his left hand during the eviction, causing soreness on her hip and emotional distress. She claims he defamed her character in a telephone call when he told someone that Plaintiff would be locked up and placed in jail "like a criminal." (Compl. at 5-7).

The Supreme Court has held that § 1983 "does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm," and that "the Constitution does not guarantee due care on the part of state officials." *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). A claim based on alleged harm caused by a state official is supported only where there has been conduct that was intended to injure that is not justified by any government interest. *Id*.

6

Here, Plaintiff has failed to allege either that Deputy Smith intended to injury her, or that the push on her hip was not justified by any governmental interest in the eviction. Her pleadings reflect that he was attempting to enforce a court order. Furthermore, the Supreme Court has specifically held that simple defamation by a state official does not establish a claim under § 1983. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). These claims should also be dismissed as frivolous.[3]

### IV. STATE LAW CLAIMS

Plaintiff's assertions that she was defamed by Deputy Smith and that Smith pushed her hip during the eviction could also be construed as state law tort claims.

Federal courts may exercise supplemental jurisdiction over state claims in any civil action in which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Because Plaintiff's federal claims are subject to dismissal as frivolous, her state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

---

[3] Plaintiff also alleges generally claims under the Fifth and Seventh Amendments without any argument in support of these claims. (Compl. at 39). To the extent that she relies on the due process clause of the Fifth Amendment, this claim has been addressed. To the extent that she relies on the "takings" clause of the Fifth Amendment, it prohibits the taking of private property for public use without just compensation. U.S. Const. amend. V. Plaintiff has not alleged that she was evicted for the purposes of public use of the foreclosed property. Likewise, the Seventh Amendment states the right to a civil jury trial, and her eviction did not prevent or impede this right. U.S. Const. amend. VII.

7

## V. RECOMMENDATION

Plaintiff's federal claims should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and these claims should be **DISMISSED** without prejudice to her pursuing them in state court.

**SIGNED this 28th day of December, 2012.**

                                             IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                             IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE